IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CESAR AGUSTO GEVAUER-ALVARENGA,<br><br>*Petitioner*,<br><br>v.<br><br>ALEX SANCHEZ, In His Official Capacity as Warden of the IAH Polk Adult Detention Facility; BRET BRADFORD, in his Official Capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; MARKWAYNE MULLIN, in his Official Capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, in his Official Capacity as Acting Attorney General of the United States,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00362<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Cesar Agusto Gevauer-Alvarenga ("Gevauer-Alvarenga")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Cesar Agusto Gevauer-Alvarenga is a Foreign national. On May 11, 2026, United States Immigration and Customs Enforcement ("ICE") detained Gevauer-Alvarenga. [Dkt. 1 ¶ 12.

On May 19, 2026, Gevauer-Alvarenga brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution and the Administrative Procedure Act ("APA"). [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Gevauer-Alvarenga argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Gevauer-Alvarenga were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Gevauer-Alvarenga's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Gevauer-Alvarenga's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Gevauer-Alvarenga's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Gevauer-Alvarenga's

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Gevauer-Alvarenga's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Gevauer-Alvarenga's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Gevauer-Alvarenga to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

**B. Equal Protection**

Gevauer-Alvarenga also argues that 8 U.S.C. § 1225's mandatory-detention scheme violates equal protection. This argument fails on the merits. According to Gevauer-Alvarenga, section 1225 arbitrarily discriminates against illegal-entrant aliens by mandating detention for them, but not for aliens who enter the United States legally and stay longer than permitted. *See* [Dkt. 1 at ¶¶ 46–51]. However, not all discrimination violates equal protection—only discrimination between "similarly situated" persons. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020). Aliens who enter the United States without inspection are not similarly situated to aliens who enter the country legally but unlawfully remain in the country past a certain date. Aliens seeking entry visas must undergo rigorous screening and may be denied permission to enter if deemed a security risk. *See*, *e.g.*, 8 U.S.C. § 1202(b) (requiring visa applicants to submit police records and jail records along with their applications). Of course, aliens who illegally enter the United States undergo no such vetting process. Accordingly, requiring pre-removal detention for illegal entrants, but not aliens who remain in the United States after their entry documents expire, does not violate equal protection. *See Hines*, 982 F.3d at 272.

**C. APA**

Gevauer-Alvarenga further argues that the Government violated the APA by failing to consider

mitigating factors like his lack of criminal convictions and stable employment. [Dkt. 1 at ¶ 54]. The Court lacks jurisdiction to decide the merits of Gevauer-Alvarenga's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Gevauer-Alvarenga's lack of serious criminal convictions or other special statuses do not retroactively make his illegal entry lawful. Because Gevauer-Alvarenga is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions. *See Buenrostro Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Gevauer-Alvarenga must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

## IV. CONCLUSION

It is therefore **ORDERED** that Gevauer-Alvarenga's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 17th day of August, 2026.**

Michael J. Truncale
United States District Judge